**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICK CHARLES MENDIOLA,<br>Plaintiff,<br>v.<br>JOSEPH RIGGS, et al.,<br>Defendants. | No. 2:25-CV-3082-DMC-P<br><br>ORDER<br>and<br>FINDINGINS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint. See ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Joseph Riggs, a deputy sheriff with the Stanislaus County Sheriff's Department; (2) K-9 Sulley, a police dog with the Stanislaus County Sheriff's Department; (3) J. Wall, a sergeant with the Stanislaus County Sheriff's Department; (4) T. Wilson, an officer with the Ceres Police Department; (5) McKinstry, a deputy with the Stanislaus County Sheriff's Department; and (6) Taggar, a deputy with the Stanislaus County Sheriff's Department. See ECF No. 1, pgs. 2, 3. Plaintiff alleges the use of excessive force during his arrest on August 2, 2025. See id. at 5. The Court finds that Plaintiff's complaint states potentially cognizable claims under the Fourth Amendment against all named defendants except K-9 Sulley.

"Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, K-9 Sulley is a police dog and, thus, is not a person subject to liability under § 1983. The Court will recommend dismissal of K-9 Sulley. By separate order, the Court finds service as to all other defendants to be appropriate.

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

2. It is RECOMMENDED that K-9 Sulley, a police dog, be dismissed as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE